IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY P. MIDDLEBROOK, | ) | |
| | ) | 8:05CV409 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD OF NEBRASKA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

      This matter is before the court on filing nos. 7 and 9, the Motions to Dismiss and to Stay filed by the United States of America on behalf of the named defendant, Blue Cross Blue Shield of Nebraska.  The United States characterizes its presence in this action as "on behalf of a contract intermediary for the Centers for Medicare & Medicaid Services, an agency of the U.S. Department of Health and Human Services."  The plaintiff, Henry P. Middlebrook, opposes the defendant's Motions in three letters (filing nos. 10, 11, and 12).

      The defendant removed this action from the Small Claims Court of Douglas County, Nebraska.  The original complaint is on a small claims court form and is difficult to understand.  According to the defendant's removal pleadings, however, the plaintiff challenges a debt owed to Medicare arising out of a settlement of a May 14, 1996 accident.

      The defendant seeks dismissal of the complaint because the plaintiff has not presented a clear and well-organized presentation of the facts or the legal theory on which he relies.  However, it is clear from the pleadings that the defendant knows more about the jurisdictional and factual basis of this case than either the plaintiff or the court.  The defendant's Motions are denied.

      The plaintiff appears to believe that he is being victimized by Medicare and perhaps by others.  He does not understand why he owes Medicare any money.  Therefore, as the Rule 26 requirements will not be stayed, the defendant shall provide the plaintiff with **all** documents evidencing the basis for Medicare's claim that the plaintiff owes or owed a debt

to Medicare arising out of or related to the settlement of the May 14, 1996 accident. In addition, a copy of the defendant's Rule 26 disclosures shall be filed with the court. It would be helpful to have an Index with a description regarding how each document is relevant to the debt.

THEREFORE, IT IS ORDERED:

1. That filing nos. 7 and 9, the defendant's Motions to Dismiss and to Stay, are denied;

2. That, in a departure from the usual practice, the defendant shall file with the court a copy of the defendant's Rule 26 disclosures to the plaintiff, and those disclosures shall include all documents evidencing the basis for Medicare's claim that the plaintiff owes or owed a debt to Medicare arising out of or related to the settlement of the May 14, 1996 accident. An Index would be appreciated.

DATED this 6th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge