**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| HENRY P. MIDDLEBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV409 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Michael O. Leavitt's motion to dismiss or in the alternative motion for summary judgment (Filing No. 26), and plaintiff Henry P. Middlebrook's response to defendant's motion to dismiss and cross-motion for summary judgment. (Filing No. 29).

The court has carefully reviewed the pleadings, the briefs, and the evidentiary materials filed by the parties. For the reasons explained below, the court finds and concludes that defendant's motion to dismiss should be granted.

**FACTUAL BACKGROUND**

Plaintiff sustained injuries to his neck, back and arms as the result of a motor vehicle accident on May 14, 1996.[1] As a result of the accident, plaintiff retained the Inserra Law Firm and filed a lawsuit against the other driver, Michael Schlax. Plaintiff's lawsuit against Mr. Schlax was settled and Mr. Schlax's insurance company, Allstate Insurance, made payments to plaintiff by way of three separate checks totaling $12,020. A

---

[1] In his pleadings, plaintiff refers to a second motor vehicle accident that occurred on September 20, 1996, but plaintiff did not receive a settlement in that suit and the facts pertaining to that accident are not relevant in this case.

breakdown of the settlement distribution dated March 12, 1999 outlines that the money was paid out as follows:

| | |
|---|---:|
| GROSS RECOVERY: | 12,000 |
| ATTORNEY FEE: (reduced to 1/4) | 3,000 |
| ADJUSTED GROSS: | 9,000 |
| MINUS: | |
| Inserra Law offices Expenses | 734.85 |
| Back and Neck Pain Relief Center, North Omaha (reduced) from 1,671.00 | 1,000 |
| Back & Neck Pain Relief (reduced from 988.50) | 500 |
| Radiology Consultants (reduced from 585.00) | 250 |
| Michael Longley, M.D. | 891 |
| U.N.M.C. (reduced from 578.97) | 250 |
| Midwest Mutual Subrogation | 1,000 |
| CLIENT PROCEEDS: | 4,374.15 |

At the time of the accident, plaintiff was a Medicare beneficiary. Blue Cross Blue Shield (BCBS), acting as a medicare intermediary, made two payments to the University of Nebraska Medical Center (UNMC) on claims for services which were provided to plaintiff on May 15 and 24, 1996. BCBS also made additional payments on behalf of plaintiff as a result of the accident. Because of the settlement, plaintiff received notice on July 22, 1999 of his obligation to repay Medicare for these payments. The letter instructed plaintiff that after being reduced by a portion of the attorney fees, the amount he owed Medicare totaled $563.09. Plaintiff did not respond to this letter, and on June 28, 2002 plaintiff was advised by BCBS that it intended to refer his debt to the United States Department of the Treasury for collection. Plaintiff was further advised that collection of his debt could involve the Treasury Offset Program, which uses other federal agency payments to pay delinquent

federal debts. After receipt of this letter, plaintiff requested additional information regarding the debt, and on September 10, 2002 BCBS replied to plaintiff and provided additional detailed explanation of the basis of the amount of Medicare's claim. As of the date of this Order, plaintiff's debt to Medicare has been paid in full, including interest, through the Treasury Offset Program.

On July 27, 2005, plaintiff filed a claim and notice to the defendant in the Douglas County Small Claims Division in Douglas County, Nebraska. In his complaint defendant named BCBS as the sole defendant stating that the basis for his claims are Mail Fraud, Money Laundering, Health Care Fraud, Accounting Fraud, RICO charges, Conspiracy, and Bank Fraud. Other than listing these statutes plaintiff did not identify any additional detail of his claims against BCBS. Defendant removed this action from state court to this court pursuant to 28 U.S.C. § 1441 *et seq.* (Filing Nos. 2 &3).

In plaintiff's response and cross-motion for summary judgment plaintiff makes many loosely constructed arguments and accusations mainly alleging Inserra Law Firm mishandled plaintiff's settlement proceeds.

## DISCUSSION

### I. Standard of Review

"Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). A cause of action "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support

of his claim that would entitle him to relief." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) (internal citations omitted) (citing *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993)). In analyzing the adequacy of a complaint's allegations under Rule 12(b)(6), the court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those allegations. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).

**II.     Failure to State A Claim**

Here, plaintiff has failed to state a claim on which relief can be granted against BCBS. In plaintiff's complaint he merely states that BCBS has violated a laundry list of federal statutes, many criminal, without any legal theory supporting how these statutes were violated. Furthermore, other than the wholly unsubstantiated allegation that BCBS is the last player in an insurance fraud scheme, plaintiff does not identify any factual or legal basis for his claim against BCBS in his lengthy response and motion for summary judgment. And, in fact, the entirety of his pleadings appear to allege that his law firm, Inserra, somehow misappropriated money that plaintiff was awarded in a settlement for an automobile accident that occurred ten years ago. Inserra, however, is not a party to this case. Therefore, because plaintiff does not set forth any viable legal argument against BCBS, he has failed to state a claim upon which relief can be granted.

**III.    Failure to Exhaust Administrative Remedies**

Although I do not believe that plaintiff has identified a claim against defendant, even assuming that he is raising a claim regarding Medicare's request for reimbursement for the

alleged overpayment, plaintiff's claim fails because he has failed to exhaust his administrative remedies.

The doctrine of exhaustion of administrative remedies is based on the principle "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). Exhaustion of administrative remedies serves the twin purposes of protecting the authority of the administrative agency and promoting judicial efficiency. *Id.*; *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

As a general rule judicial review of a Medicare claim is only permitted after a final decision by the Secretary of Health and Human Services (HHS). 42 U.S.C. § 1395ff(b)(1) and § 1395ii, incorporating 42 U.S.C. § 405. A final decision can only result after a claim for benefits has been presented to the Secretary of HHS and the administrative remedies prescribed by the Secretary are exhausted. *Bowen v. City of New York*, 476 U.S. 467, 483 (1986). The Medicare statute requires that any lawsuit which seeks "to recover on any claim arising under" it must first be brought through the HHS' administrative appeals process before it can be taken to federal court. *See* 42 U.S.C. § 1395ii. Here, plaintiff has not filed an administrative appeal challenging the existence of the Medicare claim or the collection of the Medicare claim through the Treasury Offset Program.

THEREFORE IT IS ORDERED:

1. That defendant's motion to dismiss or in the alternative motion for summary judgment (Filing No. 26) is granted;

2. That plaintiff's motion for summary judgment (Filing No. 29) is denied;

3. That plaintiff's complaint is dismissed without prejudice;

4. That a separate judgment will be entered.

DATED this 29th day of August, 2006.

                          BY THE COURT:

                          s/Joseph F. Bataillon
                          JOSEPH F. BATAILLON
                          United States District Judge